UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ASHLEY GLYNN BRANCH,<br><br>  Plaintiff<br><br>v.<br><br>WASHOE COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>  Defendants | Case No.: 3:22-cv-00361-MMD-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 4 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's first amended complaint (FAC) (ECF No. 4), which the court screens pursuant to 8 U.S.C. § 1915(e) and § 1915A. It is recommended that Plaintiff be allowed to proceed with his Fourth and Fourteenth Amendment claims against Sonia L. Butler and Deputy Rangle. However, Washoe County should be dismissed with prejudice.

**I. BACKGROUND**

Plaintiff, who is an inmate within the Washoe County Detention Facility (WCDF), filed an application to proceed *in forma pauperis* (IFP) along with his original complaint (ECF No. 1-1). The court granted his IFP application, requiring him to provide an initial partial filing fee and then pay the remainder of the filing fee over time. In addition, the court screened Plaintiff's complaint. (ECF No. 3.)

Plaintiff's claims are based on allegations that he was arrested by Washoe County Sheriff's Deputy Butler on July 19, 2021, and Butler caused Plaintiff's truck and trailer, and the

belongings in them, to be towed and impounded even though Plaintiff explained that he had someone a few blocks away who could come and take custody of the property within minutes. Plaintiff was told the items were being stored for safekeeping, and he was subsequently informed that a vehicle inventory was conducted without his consent and outside his presence. After his initial release, Plaintiff was told that D&S Towing had his property, but when Plaintiff contacted D&S, he was told that his truck had been sold and they never had his personal belongings. (*Id.*)

Plaintiff was allowed to proceed with Fourth and Fourteenth Amendment claims against Butler based on the allegations that she seized the vehicle and his belongings, under a theory that the caretaker exception does not apply, and that he was entitled to some type of notice and/or a hearing in connection with the inventory search. The court found, however, that Plaintiff did not sufficiently state a municipal liability claim against the Washoe County Sheriff's Department, but the court gave Plaintiff leave to amend to attempt to state a claim against Washoe County. (*Id.*)

Plaintiff filed his FAC against Deputy Sonia L. Butler, Deputy Rangle, and Washoe County. The court will now screen the FAC.

## II. SCREENING THE FAC

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of]

a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's FAC**

The substantive facts with respect to the Fourth and Fourteenth Amendment claims are essentially the same as were asserted in the original complaint, except Plaintiff adds allegations regarding the involvement of Deputy Rangle. For the reasons set forth in the original screening order, the court finds Plaintiff states colorable Fourth and Fourteenth Amendment claims against Deputies Butler and Rangle, and he should be permitted to proceed with these claims in the FAC.

Plaintiff does not, however, state a colorable municipal liability claim against Washoe County. As Plaintiff was previously advised, to impose liability on a municipality under section 1983, a plaintiff must demonstrate: (1) the plaintiff had a constitutional right of which he or she was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind the violation. *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021).

A plaintiff can satisfy this requirement in one of three ways: "First, a local government may be held liable when it acts 'pursuant to an expressly adopted official policy.'" *Id*. (citations omitted). "Second, a public entity may be held liable for a longstanding practice or custom." *Id*. (quotation marks and citation omitted). "Such circumstances may arise when, for instance, the

public entity fail[s] to implement procedural safeguards to prevent constitutional safeguards or, sometimes, when it fails to train its employees adequately." *Id*. (citations and quotation marks omitted, alteration original). "Third, a local government may be held liable under [Section] 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id*. at 974 (citations and quotation marks omitted).

Plaintiff's FAC, like the original complaint, focuses on the conduct of the deputies involved. Plaintiff's basis for holding Washoe County liable appears to be based on his assertion that Butler and Rangle were employed by Washoe County. (ECF No. 4 at 9.) A municipality may not be sued under a theory of respondeat superior. That is to say, it may not be sued merely because it employed the alleged wrongdoers. *See Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-95 (1978)). Therefore, Washoe County should be dismissed from this action. The dismissal should be with prejudice since Plaintiff has already been given an opportunity to amend in this regard.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) Finding the FAC (ECF No. 4) is the operative pleading;

(2) Allowing Plaintiff to **PROCEED** with the Fourth and Fourteenth Amendment claims in the FAC against Butler and Rangle, but **DISMISSING** Washoe County **WITH PREJUDICE**.

(3) If this Report and Recommendation is adopted, the Clerk of Court should be directed to **ISSUE** summonses for Defendants Sonia Butler and Deputy Rangle, **and deliver the same**, to the U.S. Marshal for service. The Clerk should also be directed to **SEND** sufficient copies of the

FAC (ECF NO. 4) and any order adopting this Report and Recommendation to the U.S. Marshal for service on the defendant(s). The Clerk should further be directed to **SEND** to Plaintiff **two** USM-285 forms. Plaintiff should be given **21 days** to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Plaintiff wants service to be attempted again, he should be directed to file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(4) Plaintiff should be reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of any order adopting this Report and Recommendation. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(5) Plaintiff should also be advised that once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of

service and the name of the person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 16, 2023

_____
Craig S. Denney
United States Magistrate Judge