UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ASHLEY GLYNN BRANCH, | Case No. 3:22-cv-00361-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| SONIA L. BUTLER, *et al.*, | |
| Defendants. | |

Pro se Plaintiff Ashley Glynn Branch filed this action under 42 U.S.C. § 1983. (ECF No. 4.) On December 3, 2024, having noticed that Branch had not updated his address even though he filed a document with the Court stating he would back in January 2024, the Court ordered Branch to update his address consistent with LR IA 3-1 by December 11, 2024, or face dismissal on December 12, 2024. (ECF No. 31.) That deadline expired and Branch did not update his address. As further explained below, the Court will accordingly dismiss this case without prejudice and deny Defendants' pending motion for summary judgment (ECF No. 27) as moot.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining

whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Branch's case. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Branch updates his address, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays

the inevitable and squanders the Court's finite resources. Additionally, the Court noted both Branch's apparent awareness of the rule requiring him to update his address and the length of time that had elapsed during which he failed to update his address in its order giving him one more chance to update it. (ECF No. 31.) Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed, in its entirety but without prejudice, based on Branch's failure to update his address in compliance with LR IA 3-1 and with the Court's December 3, 2024, order.

It is further ordered that Defendants' motion for summary judgment (ECF No. 27) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Branch wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 12th Day of December 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE